**FILED**
**Mar 25, 2024**
**11:44 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| **JOSEPH CARPENTER,** | ) | **Docket No. 2023-02-5697** |
| **Employee,** | ) | |
| **v.** | ) | |
| **AMERIACN WATER HEATER** | ) | |
| **COMPANY,** | ) | **State File No. 14762-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **SENTRY INSURANCE,** | ) | |
| **Carrier.** | ) | **Judge Brian K. Addington** |
| | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

American Water Heater filed a motion for summary judgment contending no genuine issues of material fact exist as to whether the statute of limitations bars Joseph Carpenter's claim. The Court agrees and grants the motion, dismissing the claim with prejudice.

### Claim History

American Water Heater filed a statement of undisputed material facts, summarized as follows:

1. Mr. Carpenter filed his Petition for Benefit Determination on August 18, 2023.
2. The date of injury is February 10, 2017.
3. American Water Heater voluntarily paid workers' compensation benefits within one year of February 10, 2017.
4. No voluntary payment was made by the employer during the year before August 18, 2023.
5. No authorized treatment occurred during the year before August 18, 2023.

1

American Water Heater supports these facts by citation to the record and with the declaration of the adjuster, Kathleen Jeremiah.

Mr. Carpenter responded by affidavit that he disputed the alleged nature of his injury. He stated that he settled his case in July 2020 by signing paperwork the employer sent to him in 2019, but he never received payment. He submitted no documentation of the settlement agreement. He also stated his last appointment with the treating physician was October 28, 2020, and that he could have gone to the doctor again but did not for personal reasons.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

As the moving party, American Water Heater must accomplish one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Carpenter's claim, or (2) demonstrate that evidence is insufficient to establish an essential element of Mr. Carpenter's claim. Tenn. Code Ann. § 20-16-101 (2023); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 488 S.W.3d 235, 264 (Tenn. 2015).

If American Water Heater does either or both, Mr. Carpenter must respond by producing specific facts showing a genuine issue for trial. *Id*.; Tenn. R. Civ. P. 56.06.

American Water Heater argues the Court should grant summary judgment because it demonstrated that Mr. Carpenter did not timely file a petition, so his claim is barred. Tennessee Code Annotated section 50-6-203(b)(2) states that when an employer has paid workers' compensation benefits to or on behalf of an employee, "the right to compensation is forever barred unless . . . a petitioned for benefit determination is filed" within one year from the later of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

Here, the undisputed facts show Mr. Carpenter neither received authorized treatment, nor did American Water Heater make payments for medical care or other compensation within a year before August 18, 2023, the date he filed his petition.

Mr. Carpenter's personal reasons for not seeking medical treatment do not toll or stop the statute of limitations. Also, his assertion that his case settled does not have bearing on the statute of limitations, as section 50-6-240(a)(1) states that a workers' compensation judge must approve a settlement before it is binding on either party. Mr. Carpenter submitted no evidence of a court-approved settlement.

2

Therefore, American Water Heater negated an essential element of the claim: that Mr. Carpenter timely filed his petition. It also demonstrated that his rebuttal affidavit did not create issues of material fact. American Water Heater's motion for summary judgment is granted.

It is **ORDERED** as follows:

1.  Mr. Carpenter's claim is dismissed with prejudice to its refiling.

2.  The Court taxes the $150.00 filing fee to American Water Heater, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-06 (2023) within five business days of this order becoming final.

3.  American Water Heater shall file Form SD-2 with the clerk within ten business days after this order becomes final.

4.  Unless appealed, this Order shall become final 30 days after entry.

**ENTERED March 25, 2024.**

/s/ Brian K. Addington
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on March 25, 2024.

| Name | First Class Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Joseph Carpenter, Employee | X | | X | carp135@outlook.com<br>135 Roosevelt Ave.<br>Elizabethton, TN 37643 |
| LeeAnne Murray, Taylor Pruitt, Employer's Attorneys | | | X | leeamurray@feeneymurray.com<br>trp@feeneymurray.com<br>florence@feeneymurray.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____
*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*